UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | |
|---|---|
| UNITED STATES OF AMERICA, ) | |
| ) | |
| Plaintiff, ) | |
| v. ) | No. 3:25-CR-13-TAV-DCP |
| ) | |
| ROBERT LEE BROWN, ) | |
| ) | |
| Defendant. ) | |

**ORDER OF COMMITMENT FOR
MENTAL EXAMINATION AND EVALUATION**

All pretrial motions have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. The parties appeared before the undersigned on July 29, 2025, for a motion hearing on Defendant's Motion to Conduct Psychological Evaluation Pursuant to 18 U.S.C. §§ 4241 and 4242 [Doc. 16].[1] Assistant United States Attorney Michael Gilmore appeared on behalf of the Government. Assistant Federal Defender Benjamin Sharp represented Defendant Robert Lee Brown, who was also present.

Defendant asks the Court to order a psychiatric or psychological examination with regard to Defendant's competency to stand trial and an evaluation of his sanity at the time of the alleged offense [Doc. 16 p. 2]. At the hearing, Mr. Sharp stated that a competency determination is warranted based upon Defendant's reported long history of mental health issues, spanning four decades, which has been confirmed by Defendant's family. Mr. Sharp explained that he had concerns about Defendant's mental state at the time he and Federal Defender Services of Eastern Tennessee ("FDSET") were initially appointed as counsel.[2] According to Mr. Sharp, during the

---

[1] At the hearing, it was noted that Defendant inadvertently filed a duplicate of the instant motion at [Doc. 17], which is hereby **DENIED** as moot.

[2] Mr. Sharp and FDSET were appointed to represent Defendant on March 5, 2025 [Doc. 7].

course of his representation, he has discovered that Defendant has significant mental health issues based on his interactions with Defendant as well as his review of discovery and of numerous mental health records obtained to date. He noted specific concerns of Defendant experiencing auditory and visual hallucinations, and stated that Defendant's most recent medical record, which is a discharge summary from January 2025, contains a possible diagnosis of a mental disorder and lists symptoms thereof.[3] In response to the Court's inquiry, Mr. Sharp stated that Defendant has been receiving medications while incarcerated, including mental health medications, and stressed the importance of Defendant maintaining a medication regimen during any period of evaluation.

Mr. Sharp also requested a determination of Defendant's sanity at the time of the offense, having filed Defendant's Notice of Intent to Rely on the Defense of Insanity as Required by 18 U.S.C. § 4242 and Rule 12.2(a) of the Federal Rules of Criminal Procedure [Doc. 18]. He stated that a sanity defense seems appropriate based upon the state of Defendant's mental health at the time of the alleged offense as revealed through the discovery in the case.

At the July 29 motion hearing, AUSA Gilmore confirmed that the Government has no objection to Defendant's request for a competency determination, and considering Defendant's notice of intent to rely on a defense of insanity, he also moved for an evaluation pursuant to 18 U.S.C. § 4242.

Based upon the information in the motion and presented at the hearing, the Court finds that reasonable cause exists to believe that Defendant Brown may presently be suffering from a mental disease or defect that renders him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense. 18 U.S.C. § 4241(a). Further, the Court concludes that reasonable cause exists to warrant a mental

---

[3] The referenced medical record was not submitted as an exhibit.

examination and evaluation of the Defendant under 18 U.S.C. § 4241(a)–(b). Accordingly, the Court **GRANTS** the Defendant's motion [**Doc. 16**] to undergo a competency evaluation and for a competency hearing.

The Court also finds that Defendant seeks to pursue an insanity defense at trial. To this end, Defendant has filed a notice to rely on an insanity defense as required by Fed. R. Crim. P. 12.2(a). Defense counsel asks that the Defendant's sanity at the time of the offense be examined along with his competency. The Government has moved for an evaluation pursuant to § 4242. *See* 18 U.S.C. § 4242(a) (providing for a sanity evaluation upon the motion of the government). The parties' requests for a sanity evaluation are also **GRANTED**.

The Court hereby **ORDERS,** pursuant to Title 18, sections 4241(b), 4242(a), and 4247(b)–(c), of the United States Code, as follows:

> (1) Defendant shall remain in custody to await designation for confinement in a suitable facility for the purpose of conducting a psychiatric and/or psychological examination by one or more licensed or certified psychiatric and clinical psychologists. After designation of the facility is received, the United States Marshals Service shall notify counsel for both parties promptly. The Government then **SHALL FILE** a notice of designation in the record to alert the Court.[4]
>
> (2) The purpose of the evaluation shall be for one or more licensed or certified psychiatrists and/or clinical psychologists to conduct psychiatric and psychological examinations of Defendant for the purpose of determining
>
>> (a) whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense, and

---

[4] Upon receipt of the Government's notice of designation, the Court will enter a separate order directing the United States Marshals Service to transport Defendant to the designated facility. *See United States v. Brown*, 100 F.4th 703, 708 (6th Cir. 2024) (approving use of a separate transport order entered after the commitment and designation order for purposes of compliance with the Speedy Trial Act).

3

(b) Defendant's sanity at the time of the offense.

(3) Pursuant to Rule 12.2(c), Defendant is to submit to such examinations as ordered above.

(4) Defendant shall be given any necessary medications if determined appropriate by the medical staff at the facility. Defense counsel reports that Defendant has been taking prescribed mental health medications while incarcerated. In this regard, the evaluating facility is asked to evaluate Defendant's current medication regimen and to place him on the appropriate medication for his mental health;

(5) The examiner and/or examiners designated to conduct such examinations shall, pursuant to Title 18, United States Code, Section 4247(c), file with the Court, as soon as possible after the completion of such examinations, a report of their examinations with copies provided to counsel for Defendant and counsel for the United States, and said report shall include:

    (a) Defendant's history and present symptoms;

    (b) a description of the psychiatric, psychological and medical tests that were employed and their results;

    (c) the examiner's findings;

    (d) the examiner's opinions as to diagnosis and prognosis;

    (e) the examiner's opinion as to whether Defendant is suffering from a mental disease or defect rendering him mentally incompetent to the extent that he is unable to understand the nature and consequences of the proceedings against him or to assist properly in his defense; and

    (f) the examiner's opinion as to Defendant's sanity at the time of the alleged offense.

(6) Pursuant to Title 18, Section 4247(b), of the United States Code, Defendant shall be committed to the custody of the Attorney General for the purpose of such examinations for a reasonable period not to exceed **FORTY-FIVE (45) DAYS**, unless otherwise ordered by the Court.

(7) Defendant shall be **FORTHWITH RETURNED** to the custody of the United States Marshal immediately following the completion

of the evaluation or the expiration of the forty-five (45) day period, or any reasonable extension of that period, whichever is sooner.

(8) A competency hearing and/or status conference is set for **November 4, 2025, at 1:30 p.m.** If Defendant has returned and the Court has received the forensic report prior to this time, the Court may schedule a competency hearing on an earlier date. If Defendant has not returned or the Court has not received the forensic report by this date, then the matter will proceed as a status conference.

(9) The United States Marshal shall notify counsel for both parties and the undersigned's office promptly when Defendant returns to this jurisdiction from the mental evaluation. If Defendant has returned in time, the marshals shall bring him to the **November 4, 2025** competency hearing.

(10) Because of the length of time necessary to evaluate the Defendant, the August 5, 2025 trial date is removed, to be reset when Defendant is deemed competent to stand trial. The Court observes that all time during which the Defendant is undergoing a mental examination, 18 U.S.C. § 3161(h)(1)(A), along with a reasonable time of up to ten (10) days for transportation to and from such examination, 18 U.S.C. § 3161(h)(1)(F), is fully excludable under the Speedy Trial Act. The Court also finds that to require Defendant to proceed with trial preparations while his competency is in question would constitute a miscarriage of justice. 18 U.S.C. § 3161(h)(7)(B)(i).

(11) Counsel for Defendant Brown is **DIRECTED** to provide the evaluating mental health provider with a copy of the motion [Doc. 17] and copies of the Defendant's medical, mental health, and educational records in counsel's possession or that counsel receives during the pendency of the evaluation.

(12) The Clerk of Court is **DIRECTED** to serve copies of this order on counsel of record and to serve three certified copies on the United States Marshals Service.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge