UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | |
| | ) | No. 3:25-CR-13-TAV-DCP |
| ROBERT LEE BROWN, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

**MEMORANDUM AND ORDER**

This case is before the undersigned on the matter of Defendant Robert Lee Brown's competency. *See* 28 U.S.C. § 636(b). The parties appeared for a competency hearing on November 4, 2025. Assistant United States Attorney Michael Gilmore appeared on behalf of the Government. Assistant Federal Defender Benjamin Sharp represented Defendant Brown, who was also present. On July 3, 2025, defense counsel moved the Court for a competency determination and evaluation of Defendant's sanity at the time of the offense [Doc. 16].[1] On July 30, 2025, the undersigned committed Defendant for a mental evaluation of his competency to stand trial [Doc. 20].[2] Defendant arrived at the Federal Medical Center in Lexington, Kentucky ("FMC Lexington"), for his forty-five-day evaluation on August 7, 2025 [Doc. 23, SEALED].[3] Defendant's evaluation was completed on September 19, 2025, and the Court received the forensic report on October 16, 2025 [*See id.*]. Defendant is now before the Court for his competency hearing.

---

[1] Defendant filed a duplicate motion [Doc. 17], which the undersigned denied as moot [Doc. 20 p. 1 n.1].

[2] The Court also ordered a sanity evaluation pursuant to 18 U.S.C. § 4242(a) [Doc. 20 p. 3].

[3] The Court was notified of Defendant's designation to FMC Lexington on August 13, 2025 [Doc. 21] and entered a Transport Order [Doc. 22] that same day.

Counsel for both parties confirmed they received a copy of the Forensic Psychological Report by Dr. Kristen McDaniel, forensic psychologist at FMC Lexington [*Id.*]. In the report, Dr. McDaniel opines that there is no evidence to indicate Defendant currently suffers from a mental disease or defect that would substantially impair his present ability to understand the nature and consequences of the proceedings against him or substantially impair his ability to assist counsel with his defense. Dr. McDaniel observed that Defendant displays a sufficient factual and rational understanding of the legal proceedings and demonstrates sufficient present ability to consult with his attorney with a reasonable degree of rational understanding. Considering Defendant's diagnosis of alcohol use disorder, Dr. McDaniel found it had no bearing on his abilities relevant to competency and noted that although his current alcohol use is limited due to incarceration, Defendant is at high risk for relapse without treatment.[4]

Counsel for both parties confirmed receipt of the Forensic Psychological Report and stipulated to it. Neither party presented any other evidence relating to Defendant's competency. Based upon the Forensic Psychological Report, the Court finds by a preponderance of the evidence that Defendant Brown can understand the nature and consequences of the proceedings against him and is able to assist his counsel in preparation of his defense. *See* 18 U.S.C. § 4241(d). Accordingly, the Court finds that Defendant Brown is competent to proceed.

After making the competency determination, the Court addressed the trial date and schedule in this case. The Court previously removed Defendant's August 5, 2025 trial date from the Court's calendar when it ordered a competency evaluation [Doc. 20 p. 5]. At that time, the

---

[4] As a part of his motion [Doc. 16] for a competency evaluation, Defendant Brown also gave notice that he intends to pursue a mental defense at trial. Both he and the Government moved for an evaluation of the Defendant's sanity at the time of the offense pursuant to 18 U.S.C. § 4242. Dr. McDaniel prepared a fourteen-page Sanity Report, evaluating the Defendant's sanity at the time of the offense. The parties have her report to use, if they so choose.

2

undersigned found the time during which Defendant was undergoing a competency evaluation along with a reasonable time of up to ten days for transportation to and from the evaluation was excludable under the Speedy Trial Act [*Id*.]. *See* 18 U.S.C. § 3161(h)(1)(A), (F). The Court also found that to require Defendant to proceed with trial preparations while his competency is in question would constitute a miscarriage of justice [*Id*.]. *See* 18 U.S.C. § (h)(7)(B)(i). For these reasons, the Court found and continues to find that all the time between the filing of the motion for a competency evaluation on July 3, 2025, *see* 18 U.S.C. § 3161(h)(1)(D), and the competency hearing on November 4, 2025, is fully excludable under the Speedy Trial Act.

At the competency hearing, the parties were offered a new trial date of December 9, 2025. Defendant made an oral motion to continue the trial to allow Defendant's counsel more time to prepare. The Government had no objection to the request for continuance. In light of the oral motion to continue, the parties were offered another trial date of February 24, 2026. The Court finds this additional time between the August 26, 2025 competency hearing and the new trial date is necessary for defense counsel to confer with Defendant, who has been unavailable to counsel while undergoing a mental evaluation, and to prepare the case for trial. The Court also finds a trial continuance to February 24, 2026, is unopposed and that the ends of justice served by granting a continuance outweigh the interest of the Defendant and the public in a speedy trial. 18 U.S.C. § 3161(h)(7)(A). In this case, additional time is needed to give counsel for Defendant the reasonable time necessary to prepare for trial, even proceeding with due diligence. 18 U.S.C. § 3161(h)(7)(B)(iv).

Accordingly, the trial of this case is reset to **February 24, 2026**. All time between the filing of the motion for a competency determination on July 3, 2025, and the new trial date of February 24, 2026, is fully excludable under the Speedy Trial Act for the reasons set forth herein. *See* 18 U.S.C. § 3161(h)(1)(A), (1)(F), & (7)(A)–(B). The Court also sets a new schedule in this case,

which is stated below.

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Brown is **COMPETENT** to proceed to trial;

(2) The trial of this matter is reset to commence on **February 24, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) All time between the **July 3, 2025** motion for a mental evaluation and the new trial date of **February 24, 2026**, is fully excludable time under the Speedy Trial Act for the reasons in the undersigned's prior Commitment Order [Doc. 20 p. 5] and as set forth herein;

(4) The new deadline to file a plea agreement in the record and to provide reciprocal discovery is **January 26, 2026**;

(5) The parties are to appear before the undersigned for a final pretrial conference on **February 10, 2026, at 2:00 p.m.**;

(6) The deadline for motions *in limine* is extended to **February 9, 2026**. Responses to motions *in limine* are due on or before **February 17, 2026**; and

(7) Requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4. shall be filed on or before **February 17, 2026**.

**IT IS SO ORDERED.**

ENTER:

*/s/ Debra C. Poplin*
Debra C. Poplin
United States Magistrate Judge