UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 3:25-CR-13-TAV-DCP |
| | ) | |
| ROBERT LEE BROWN, | ) | |
| | ) | |
| Defendant. | ) | |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Robert Lee Brown's Unopposed Motion to Continue Deadlines and Trial Date [Doc. 26], filed on January 26, 2026.

Defendant asks the Court to continue the current trial date, which is set for February 24, 2026, for approximately ninety days [*Id.*]. In support of his motion, Defendant states that his counsel requires additional time to discuss the case further with Defendant and to allow the Defendant additional time to consider his options [*Id.* ¶ 1]. Defendant states that he is aware of his right to a speedy trial and waives this right for the purposes of this motion to continue [*Id.* ¶ 3]. The motion relates that the Government does not oppose a continuance [*Id.* ¶ 4].

Based upon the information contained in the motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv).

Counsel for Defendant needs time to consult with his client and otherwise prepare for trial. The Court finds that all of this cannot occur before the February 24, 2026 trial date.

The Court therefore **GRANTS** Defendant Robert Lee Brown's Unopposed Motion to Continue Deadlines and Trial Date [**Doc. 26**]. The trial of this case is reset to **May 19, 2026**. A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendants and the public in a speedy trial, all time between the filing of the initial motion on January 26, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Robert Lee Brown's Unopposed Motion to Continue Deadlines and Trial Date [**Doc. 26**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **May 19, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **January 26, 2026**, and the new trial date of **May 19, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **April 17, 2026**;

(5) the deadline for filing motions *in limine* is **May 4, 2026**, and responses to motions *in limine* or due on or before **May 12, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **June 5, 2026, at 1:30 p.m.**; and

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **June 8, 2026**.

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge

2