# UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF TENNESSEE
## AT KNOXVILLE

UNITED STATES OF AMERICA, )
)
          Plaintiff, )
)
v. )          No. 3:25-CR-13-TAV-DCP
)
ROBERT LEE BROWN, )
)
          Defendant. )
)

## MEMORANDUM AND ORDER

This case is before the Court on Defendant Robert Lee Brown's Unopposed Motion to Continue Deadlines and Trial Date [Doc. 28], filed on April 17, 2026.

Defendant asks the Court to continue the current trial date, which is set for May 19, 2026, and the plea deadline, set for April 17, 2026 [*Id.*]. In support of his motion, Defendant states that his counsel requires additional time to discuss a potential resolution of this case with the Government and with him, and to allow him additional time to consider his options [*Id.* ¶ 1]. Defendant understands that the period of time between the filing of this motion for continuance and a rescheduled court date will be fully excludable for speedy trial purposes [*Id.* ¶ 3]. The motion reflects that the Government has no objection [*Id.* ¶ 4].

Based upon the information contained in the motion and because the Government does not oppose the continuance, the Court finds the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial. *See* 18 U.S.C. § 3161(h)(7)(A). In making this determination, the Court has considered the factors set forth in 18 U.S.C. § 3161(h)(7)(B). Specifically, the Court concludes that not granting a continuance would both

result in a miscarriage of justice and deny counsel for Defendant the reasonable time necessary for effective preparation, accounting for the exercise of due diligence. *See id.* § 3161(h)(7)(B)(i), (iv). Counsel for Defendant needs time to work towards a resolution of this matter, and if that is not successful, otherwise prepare for trial. The Court finds that all of this cannot occur before the May 19, 2026 trial date.

The Court therefore **GRANTS** Defendant Robert Lee Brown's Unopposed Motion to Continue Deadlines and Trial Date [**Doc. 28**]. The trial of this case is reset to **July 21, 2026**. A new schedule is included below. Because the Court has found that the ends of justice served by granting a continuance outweigh the interests of Defendant and the public in a speedy trial, all time between the filing of the initial motion on April 17, 2026, and the new trial date is fully excludable time under the Speedy Trial Act. *See* 18 U.S.C. § 3161(h)(1)(D), (h)(7)(A)–(B).

Accordingly, the Court **ORDERS** as follows:

(1) Defendant Robert Lee Brown's Unopposed Motion to Continue Deadlines and Trial Date [**Doc. 28**] is **GRANTED**;

(2) the trial of this matter is reset to commence on **July 21, 2026, at 9:00 a.m.**, before the Honorable Thomas A. Varlan, United States District Judge;

(3) all time between the filing of the motion on **April 17, 2026**, and the new trial date of **July 21, 2026**, is fully excludable time under the Speedy Trial Act for the reasons set forth herein;

(4) the deadline for filing a plea agreement in the record and providing reciprocal discovery is **June 22, 2026**;

(5) the deadline for filing motions *in limine* is **July 6 2026**, and responses to motions *in limine* are due on or before **July 14, 2026**;

(6) the parties are to appear before the undersigned for a final pretrial conference on **July 2, 2026, at 11:00 a.m.**; and

2

(7) requests for special jury instructions with appropriate citations to authority pursuant to Local Rule 7.4 shall be filed on or before **July 10, 2026**.

**IT IS SO ORDERED.**

ENTER:

_Debra C. Poplin_
Debra C. Poplin
United States Magistrate Judge

3