UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT KNOXVILLE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br>v.<br><br>ROBERT LEE BROWN,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>) | No. 3:25-CR-13-TAV-DCP |

**MEMORANDUM AND ORDER**

All pretrial motions in this case have been referred to the undersigned pursuant to 28 U.S.C. § 636(b) for disposition or recommendation as appropriate. This case is before the Court on Defendant Robert Lee Brown's Motion to File Out of Time Pretrial Motion [Doc. 32] and the late filed Motion to Dismiss the Indictment [Doc. 33], filed on August 21, 2026, and his Motion to Continue Trial and All Related Deadlines [Doc. 35], filed on August 25, 2026.

For the reasons discussed below, the Court **DENIES** Defendant's motions [**Doc. 32, Doc. 33]** and **DENIES WITHOUT PREJUDICE** Defendant's Motion to Continue Trial and All Related Deadlines [**Doc. 35**].

## I. BACKGROUND

Defendant is charged with one charge of being a felon in possession of a firearm in violation of 18 U.S.C. § 922(g)(1) [Doc. 1 p. 1]. The Grand Jury alleges that, before Defendant committed this offense, he had at least three prior convictions for offenses qualifying under 18 U.S.C. § 924(e)(2) that were committed on occasions different from one another, in violation of 18 U.S.C. § 924(e)(1) [*Id.*]. Defendant's last deadline for filing pretrial motions expired on May 16, 2025 [Doc. 15]. On July 3, 2025, Defendant filed a Motion to Conduct Psychological Evaluation Pursuant to 18 U.S.C. §§ 4241 and 4242 [Doc. 16] and a Notice of Intent to Rely on

the Defense of Insanity [Doc. 18]. On July 30, 2025, Defendant was committed for mental examination and evaluation [Doc. 20]. On November 4, 2025, the Court held a competency hearing and determined Defendant to be competent to proceed to trial [Doc. 25].

On August 21, 2026, Defendant filed his Motion to File Out of Time Pretrial Motion [Doc. 32], as well as a Motion to Dismiss Indictment [Doc. 33]. Defendant contends that "[d]uring the early period of representation, defense counsel had significant concerns and focused on [Defendant's] mental health and competency" [Doc. 32 ¶ 1]. Defendant submits that "the proposed motion to dismiss deals strictly with law and does not deal with any of the factual allegations against [Defendant]" and that "allowing the late filing of the motion to dismiss would be dispositive of this matter" [*Id.* ¶¶ 5–6]. Defendant explains that he is "filing a Motion to Dismiss the Indictment because none of the three offenses the government has indicated it intends to rely on as Armed Career Criminal Act (ACCA) predicate offenses qualify as 'violent felonies' under 18 U.S.C. § 924(e)(2)(B)" [*Id.* ¶ 9]. Defendant contends that "[t]he Motion to Dismiss relies partly on case law established after the deadline to file pretrial motions" [*Id.*].

Following the filing of the motion, the Court ordered Defendant to address the upcoming trial date of September 22, 2026, as well as ordered the Government to file a position on the matter of reopening the pretrial motion deadline [Doc. 35]. Defendant subsequently filed a Motion to Continue Deadlines and Trial Date [Doc. 36]. As a basis for the continuance, Defendant cites to his filing of his motions and contends that "[s]hould the Motion to File Out of Time Pretrial Motion be granted, additional time will be necessary for the Court's consideration and a potential hearing and briefing regarding the Motion to Dismiss" [*Id.* ¶¶ 1–2]. The Government filed its Response in Opposition to Defendant's Motion to File an Untimely Pretrial Motion [(Doc. 32)] on September 3, 2026 [Doc. 37].

For the reasons discussed herein, the undersigned finds that Defendant fails to demonstrate good cause to reopen the deadline for pretrial motions. The undersigned further finds a trial continuance to be unnecessary at this time.

## II. UNTIMELY MOTION

Defendant has asked to reopen the pretrial motion deadline to allow consideration of his already filed Motion to Dismiss the Indictment [Doc. 33]. Defendant seeks to file this motion fifteen months after the expiration of the May 15, 2025 motion deadline [*see* Doc. 15 p. 2] and one month before trial [Doc. 31 p. 2]. Defendant explains that the reason for the untimely filing is that "[d]uring the early period of representation, defense counsel . . focused on [Defendant's] mental health and competency" [Doc. 32 ¶ 1]. Defendant further contends "[a]llowing this late filing would promote judicial efficiency" and that his motion "relies partly on case law established after the deadline to file pretrial motions" [*Id.* ¶¶ 6, 10].

The Government opposes the request, contending that Defendant has not shown good cause under Federal Rule of Civil Procedure 12(c)(3) [Doc. 37]. The Government submits that Defendant's contention that he was focusing on Defendant's mental health and competency "does not explain why counsel could not 'timely file a proposed motion to dismiss that deals strictly with law and does not deal with any of the factual allegations against [Defendant]'" [*Id.* at 2 (quoting 32)]. The Government further highlights that "even after the competency proceedings in this case were concluded in November 2025 [*see* Doc. 25, Order], [defense counsel] waited over nine months to file the motion to dismiss" [*Id.*]. The Government contends that the fact that the motion to dismiss is primarily a law argument "makes [Defendant's] failure to timely file the motion even less excusable," as Defendant "has had access to the conviction records for his ACCA predicates since shortly after the grand jury returned its indictment" [*Id.*]. Moreover, the Government notes

that the legal arguments Defendant "asserts in his motions were 'reasonably available' to him well before the motions deadline elapsed" [*Id.* at 3]. Finally, the Government maintains that the Court has a "legitimate interest in the enforcement of scheduling deadlines" [*Id.* (quoting *United States v. Trobee*, 551 F.3d 835, 838 (8th Cir. 2009)].

Motions challenging deficiencies in the Indictment must be made before trial. Fed. R. Crim. P. 12(b)(3)(A)–(B). Here, the Court permitted any such pretrial motion by May 16, 2025. The Court has discretion to permit an untimely motion upon a showing of "good cause." Fed. R. Crim. P. 12(c)(3). "Good cause is a 'flexible standard' requiring an explanation for both the delay and the potential prejudice." *United States v. Trujillo-Molina*, 678 F. App'x 335, 337 (6th Cir. 2017) (citation omitted)). "At a minimum, a party must 'articulate some legitimate explanation for the failure to timely file.'" *Id*. (quoting *United States v. Walden*, 625 F.3d 961, 965 (6th Cir. 2010)). When determining the potential prejudice from a late-filed motion, the Court considers "all interests in the particular case" including those of the Court and the public. *Id*. at 339 (quoting Advisory Committee Notes to Fed. R. Crim. P. 12(c)(3)). In assessing good cause, the Court reviews and analyzes the facts of each case. *United States v. Soto*, 794 F.3d 635, 655 (6th Cir. 2015).

Here, Defendant's counsel contends that he was unable to file his pretrial motion because he was focused on Defendant's mental health and competency. Yet, Defendant was deemed competent on November 4, 2025, ten months ago [Doc. 25]. And Defendant's counsel did not seek leave to file his pretrial motion until the day his plea agreement was due, one month before trial [Doc. 32]. Defendant provides no legitimate explanation for his failure to request an extension of the May 15, 2025 motion deadline. *See United States v. Cornejo-Garcia*, No. 3:19-CR-90, 2019

WL 5296762, *5 (E.D. Tenn. Oct. 21, 2019) (observing counsel's "negligence or oversight" does not amount to good cause) (citing *United States v. Chavez*, 902 F.2d 259, 263 (4th Cir. 1990)).

Further, while Defendant contends that some of the case law he relies upon was established after the deadline to file pretrial motions, the Court is not persuaded. The only case cited to in Defendant's brief that came after the pretrial motion deadline of May 15, 2025 is *United States v. Delaine*, 17 F.4th 880, 896 (6th Cir. 2026), which is cited to for an explanation of stare decisis law [Doc. 33 p. 13]. As noted by the Government, "the key cases [Defendant] purports to rely upon—*Dunlap v. United States*, 784 F. App'x 379 (6th Cir. 2019), and *Sanchez-Perez v. Garland*, 100 F.4th 639 (6th Cir. 2024)—were decided before [Defendant] committed his offense" [Doc. 37 p. 3]. The Court notes that the other Sixth Circuit case Defendant relies on, *United States v. Cervenak*, 135 F.4th 311 (6th Cir. 2025), was decided on April 2, 2025.

As for prejudice, Defendant does not contend that he would be prejudiced by the inability to raise this motion,[1] nor does he address prejudice to the Government, the Court, or the community from the untimely motion. The public has an interest in a speedy trial. *Bloate v. United States*, 559 U.S. 196, 211 (2010) (observing that the Speedy Trial Act "serves not only to protect defendants, but also to vindicate the public interest in the swift administration of justice.") (citation omitted). Defendant's belated filing and desire to reopen the pretrial motion deadline affects all these interests, as well as the Court's and Government's interest in the reliability of the Court's scheduling deadlines. *See Cornejo-Garcia*, 2019 WL 5296762, at *5 ("'Courts have a legitimate interest in the enforcement of scheduling deadlines, both to manage a pending case and to retain

[1] The Court finds Defendant is not prejudiced by the inability to file his proposed Motion to Dismiss the Indictment. As Defendant himself notes, he could "argue a motion pursuant to Rule 29 of the Federal Rules of Criminal Procedure after the government rests their proof at trial" [Doc. 32 ¶ 6].

the credibility of these deadlines in future cases.'" (quoting *United States v. Trobee*, 551 F.3d 835, 838 (8th Cir. 2009)).

In summary, Defendant fails to state good cause for permitting his Motion to Dismiss the Indictment. Accordingly, Defendant's Motion to File Out of Time Pretrial Motions [**Doc. 32**] and his Motion to Dismiss the Indictment [**Doc. 33**] are **DENIED**.

## III. CONTINUANCE OF TRIAL AND SCHEDULE

Defendant asks the Court to continue the September 22, 2026, trial date, and to extend all related deadlines [Doc. 35 p. 1]. In support of his motion, Defendant contends that should his Motion to File Out of Time Pretrial Motion be granted, additional time will be needed for the Court's consideration and a potential hearing and briefing regarding the motion [*Id.* ¶ 2].

Because Defendant's request to continue the trial is contingent solely upon the Court granting the Motion to File out of Time Pretrial Motion [Doc. 32], the Court **DENIES WITHOUT PREJUDICE** Defendant's Motion to Continue Deadlines and Trial Date [**Doc. 35].** Defendant may refile his request for continuance should another basis arise.

## I. CONCLUSION

For the reasons above, the Court **DENIES** Defendant's Motion to File Out of Time Pretrial Motions [**Doc. 32**], Motion to Dismiss the Indictment [**Doc. 33**], and **DENIES WITHOUT PREJUDICE** his Motion to Continue Deadlines and Trial Date [**Doc. 35**].

**IT IS SO ORDERED.**

ENTER:

Debra C. Poplin
United States Magistrate Judge